IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES THATCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. <u>1:19-cv-10</u> |
| | § | |
| DARGEL BOATS, INC.; YAMAHA | § | |
| MOTOR CORPORATION, U.S.A.; | § | |
| UNKNOWN RETAILERS 1-9, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT YAMAHA MOTOR CORPORATION, U.S.A.'S**
<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Yamaha Motor Corporation, U.S.A. ("YMUS") files this Notice of Removal, and hereby removes the above-entitled lawsuit from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, YMUS respectfully offers this Court the following facts, arguments, and legal authorities:

**COMPLIANCE WITH 28 U.S.C. § 1446(a)
AND LOCAL RULE 81**

1.   Pursuant to 28 U.S.C. § 1446(a) and LR81, YMUS includes the following index of matters being filed with this Notice of Removal:

      **Exhibit 1:**   All executed process in the case

      **Exhibit 2:**   Plaintiffs' Original Petition ("Petition")

      **Exhibit 3:**   YMUS' Answer to Plaintiffs' Original Petition

| | | |
|---|---|---|
| **Exhibit 4:** | | Dargel Boats' Original Answer |
| **Exhibit 5:** | | The state court docket sheet |
| **Exhibit 6:** | | A list of all counsel of record, including addresses, telephone numbers and parties represented |
| **Exhibit 7:** | | "Other Paper":  Email from Dargel Boats' counsel to YMUS' counsel regarding improper joinder (1/3/19) |
| **Exhibit 8:** | | Declaration of Cleve M. Ford |
| **Exhibit 9:** | | Dargel Boats' Consent to Removal |
| **Exhibit 10:** | | Plaintiff's Answers to YMUS' First Set of Interrogatories, pp. 1, 2, 5- 6 |

## THE PARTIES

2. Plaintiff is a Texas citizen, and no properly joined defendant is a Texas citizen.  Complete diversity of citizenship has existed from the time Plaintiff filed the underlying state court action on October 24, 2018 until now.

**A.  Plaintiff**

3. Plaintiff James Thatcher alleges he is a resident of Hidalgo County, Texas. *See* Ex. 2, Petition ¶ 2.  Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima face proof of his domicile.").

**B.     Defendants**

4.     Defendant Yamaha Motor Corporation, USA, is a corporation incorporated under the laws of California and has its principal place of business in California. YMUS is, therefore, a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

5.     Defendant Dargel Boats, Inc. ("Dargel Boats") is a Texas corporation with its principal place of business in Texas. *See* Ex. 2, Petition ¶ 3. The Court should disregard Dargel Boats' citizenship, though, because Plaintiff improperly joined it to the lawsuit. *See* "Improper Joinder of Non-Diverse Defendant" section below.

6.     Defendants "Unknown Retailers 1 through 9" are "unknown persons and identities," and Plaintiff admits he "does not know the specific identities of these persons and entities." Ex. 2, Petition ¶ 5. Accordingly, Unknown Retailers 1 through 9 are defendants sued under fictitious names whose citizenship shall be disregarded. 28 U.S.C. § 1441(b)(1); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014) ("John and Jane Doe defendants"); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 384 n.3 (5th Cir. 2000) ("'A' through 'Z' Entities").

**STATE COURT ACTION**

7.     Plaintiff filed this personal injury lawsuit on in the 107th Judicial District Court of Cameron County, Texas, on October 24, 2018. *See* Ex. 2, Petition at 1. Plaintiff alleges he was riding as a passenger on a 2000 Explorer 19-foot vessel (the "Subject Vessel"), with a 2003 Yamaha 150hp outboard motor (the "Subject Motor"), on October 28, 2016 along the Arroyo Colorado River in Cameron County, Texas when the Subject Vessel allegedly started to move to the side in a spinning motion. Plaintiff alleges he was

ejected overboard, and his right arm was lacerated by the motor while he was in the water. *Id.* ¶¶ 7-11. Plaintiff also claims leg injuries from the incident. Ex. 10, P's Ans. to Rog #8.

8. Plaintiff asserts product liability claims against YMUS and Dargel Boats. Ex. 2, Petition ¶¶ 14-16. Plaintiff makes no specific allegations against Dargel Boats. Instead, Plaintiff vaguely, and globally, alleges:

    a. "Defendants each designed, manufactured, marketed, and/or sold" the Subject Vessel and Subject Motor. *Id.* ¶ 15.

    b. "Defendants . . . failed to give adequate warnings" about the Subject Vessel and Subject Motor. *Id.* ¶ 16.

9. As shown in the "Improper Joinder of Non-Diverse Defendant" section below, Plaintiff both misstates and omits discrete facts in his petition demonstrating Dargel Boats was improperly joined. Accordingly, YMUS requests the court "pierce the pleadings," consider the attached declaration, and dismiss Dargel Boats from the lawsuit.

**REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP**

10. YMUS removes this action pursuant to 28 U.S.C. § 1441(a). This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.    Amount in Controversy**

11. Although the Petition does not specify the amount of damages Plaintiff seeks as required by Texas Rule of Civil Procedure 47, it is "facially apparent" the

amount in controversy is greater than $75,000, exclusive of interests and costs.  Plaintiff alleges the following injuries resulting from the accident:

    a.    The Subject Vessel "suddenly and unexpectedly lifted out of the water, causing the Vessel to lose control and to jerk violently to the side in a spinning motion."  Ex. 2, Petition ¶ 9.

    b.    The alleged loss of control "ejected overboard" Plaintiff.  *Id.*

    c.    After the ejection, the Subject Motor "severely lacerated [Plaintiff's] body, in particular his right arm."  *Id.* ¶ 11.  Plaintiff also claims he injured his leg in the incident.  Ex. 10, P's Ans. to Rog #8.

    d.    Plaintiff "suffered," and seeks damages for, "substantial physical pain, mental anguish, disfigurement, physical impairment, medical expenses, lost wages, loss of earning capacity, and loss of services in the past and future."  Ex. 2, Petition ¶¶ 13, 17.

12.    Accordingly, it is "facially apparent" Plaintiff's claim exceeds $75,000, exclusive of interest and costs.  *See, e.g., Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011) (per curiam) (facially apparent:  fall from bus involving ankle and shoulder injuries, resulting in "substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter"); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent:  slip-and-fall involving right wrist, left knee, and back injuries, resulting in "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facially apparent:  damages for property, travel expenses, an emergency ambulance trip, a six-day stay at the hospital, pain and suffering, humiliation,

and temporary inability to do housework); *Beaty v. Wal-Mart Stores Texas, LLC*, No. CIV.A. C-11-76, 2011 WL 1155963, at *2-3 (S.D. Tex. Mar. 24, 2011) (<u>facially apparent</u>: bicycle accident in which "Plaintiff was thrown from the bicycle," resulting in alleged past and future medical expenses, pain and suffering, mental anguish, physical impairment and disability, and loss of wages and earning capacity).

**B.     Diversity of Citizenship**

13.     Plaintiff is a citizen of Texas. No properly joined defendant is a Texas citizen. For diversity jurisdiction purposes, YMUS, the only properly joined defendant,[1] is not a Texas citizen—it is a California corporation with its principal place of business in California. Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## IMPROPER JOINDER OF NON-DIVERSE DEFENDANT

14.     To establish improper joinder, a removing party must demonstrate either (a) actual fraud in the pleading of jurisdictional facts or (b) plaintiff's inability to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In this case, YMUS removes based on the second test: Plaintiff cannot establish a cause of action against Dargel Boats, the non-diverse defendant.

---

[1]  In referring to YMUS as a "properly joined defendant," YMUS does not admit any of Plaintiff's liability allegations. To the contrary, YMUS expressly denies all liability allegations Plaintiff has asserted against YMUS in this lawsuit. YMUS only uses the term "properly joined defendants" because it is the specific term of art the Fifth Circuit uses in the removal/improper joinder context.

15. In resolving the second test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations of the state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, "[t]he scope of the inquiry for fraudulent joinder . . . is broader than that for Rule 12(b)(6)." *Ross v. Citifinancial, Inc.*, 344 F.3d 457, 462 (5th Cir. 2003). "Merely *pleading* a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (emphasis in original). In cases in which a plaintiff has stated a claim, but has "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Summary inquiry is appropriate when, for example, "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

16. The "removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] . . . the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). *See also Ross*, 344 F.3d at 463 (a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder). When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state

law, the district court is limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). As the non-removing party, the plaintiff may not rely on new causes of action or new theories of recovery outside the controlling state court petition. *Id.*

17.  The attached Declaration of Cleve M. Ford demonstrates Plaintiff both misstates <u>and</u> omits discrete facts demonstrating Plaintiff improperly joined Dargel Boats. *Cf. Smallwood*, 385 F.3d at 573. Accordingly, YMUS requests the Court pierce the pleadings, determine Plaintiff improperly joined Dargel Boats, and dismiss Dargel Boats from this case.

### A. Plaintiff <u>misstates</u> discrete facts regarding Dargel Boats' involvement with the Subject Vessel and Subject Motor.

18.  The attached declaration demonstrates Plaintiff "misstated . . . discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Dargel Boats did not perform the acts alleged by Plaintiff in his petition. *Cf.* Ex. B, Petition ¶¶ 15-16.

   a.  Dargel Boats did not, at any time, "design," "manufacture," "market," "sell," or "give warnings" with respect to the Subject Vessel, the Subject Motor, or any aspect or component part of the Subject Vessel or Subject Motor. Ex. 8, Ford Decl. ¶¶ 4- 8.

   b.  Dargel Boats did not, at any time, blueprint, assemble, test, or install the Subject Vessel, the Subject Motor, or any aspect or component part of the Subject Vessel or Subject Motor. *Id.* ¶ 13.

   c.  Dargel Boats did not, at any time, make any representations with respect to, advertise, warrant, or provide training with respect to the Subject Vessel, the Subject Motor, or any aspect or component part of the Subject Vessel or Subject Motor. *Id.* ¶¶ 6, 9-10, 12.

      d.      Dargel Boats did not, at any time, repair or provide maintenance with respect to the Subject Vessel, the Subject Motor, or any aspect or component part of the Subject Vessel or Subject Motor. *Id.* ¶ 11.

      e.      Dargel Boats did not, at any time, "sell" or resell the Subject Vessel, the Subject Motor, or any aspect or component part of the Subject Vessel or Subject Motor. *Id.* ¶ 7.

19.    Because the sworn testimony of Cleve M. Ford completely negates Plaintiff's allegations regarding in-state defendant Dargel Boats, piercing the pleadings is appropriate. *See, e.g., Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (conspiracy claim against in-state defendants was fraudulently joined when "The affidavits of the two in-state distributor defendants . . . completely negate their being a party to any conspiracy such as alleged in the amended complaint."); *Bebee v. Motorola Sols., Inc.*, No. 4:16-CV-763, 2017 WL 1180428, at *5 (S.D. Tex. Mar. 29, 2017) (denying remand when the in-state defendants "did not engage in marketing, servicing, advertising, training, or provision of the relevant . . . products, as alleged in Plaintiffs' petition"); *Garcia v. LG Elecs. USA Inc.*, No. CIV.A. B-11-61, 2011 WL 2517141, at *4-7 (S.D. Tex. June 23, 2011) (mem. op.) (denying remand when an in-state product retailer testified it did not design or manufacture the subject product). Accordingly, YMUS requests the Court determine Plaintiff improperly joined Dargel Boats and dismiss Dargel Boats from this case.

**B.    Plaintiff <u>omits</u> discrete facts regarding Dargel Boats' involvement with the Subject Vessel and Subject Motor.**

20.    Because Plaintiff misstates discrete facts underlying his allegations against Dargel Boats, the Court's analysis can begin and end with section A above. However,

the attached declaration also demonstrates Plaintiff "omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.

    a.    Dargel Boats was not even in existence until 2006—approximately three years after the Subject Motor was manufactured, and approximately six years after the Subject Vessel was manufactured. Ex. 8, Ford Decl. ¶ 14.

    b.    When Dargel Boats purchased the assets of Explorer Boats from Glenn French, Mr. French expressly retained all liabilities and warranty work. *Id.* ¶ 16; Ex. 8-A, Contract of Sale of Assets of Business ("Asset Sale Agreement") ¶¶ 5-6.

    c.    Dargel Boats has no record of ever performing work on the Subject Vessel or Subject Motor. *Id.* ¶ 17.

21.    Dargel Boats' involvement with the Subject Motor and Subject Vessel is even more nonexistent than the retailer's involvement in the *Garcia v. LG Electronics USA* case. In *Garcia*, the plaintiff sued three in-state defendants, collectively referred to in the opinion as "the Friedrich defendants." 2011 WL 2517141, at *1. The court dismissed the Friedrich defendants based on affidavit evidence that they were an "innocent retailer who has never had any involvement with the product other than the sale." *Id.* at *4, 6. Dargel Boats was not even a retailer with respect to the Subject Vessel or Subject Motor. Dargel Boats simply had no involvement with the design, manufacture, marketing, sale, warnings, maintenance, or repairs of the Subject Vessel or Subject Motor.

22.    This case calls for the summary inquiry contemplated by *Smallwood*. YMUS requests the Court pierce the pleadings, determine Plaintiff improperly joined Dargel Boats, and dismiss Dargel Boats from the case.

## PROCEDURAL REQUIREMENTS OF REMOVAL

**A.     Timeliness**

23.     This case was not initially removable because Dargel Boats is an in-state defendant, and it was not apparent from the allegations in Plaintiff's Petition that Plaintiff had improperly joined Dargel Boats.  The case, however, subsequently became removable on January 3, 2019, when counsel for Dargel Boats emailed counsel for YMUS an "other paper":  a courtesy copy of counsel for Dargel Boats' October 31, 2018 correspondence to Plaintiff's counsel (Ex. 7 at ECF pages 4-5) that included the Asset Sale Agreement (Ex. 7 at ECF pages 8-13), both of which demonstrate Dargel Boats' non-involvement with the Subject Vessel and Subject Motor.  Therefore, YMUS now timely files this Notice of Removal within 30 days of receiving a copy of the Asset Sale Agreement and correspondence of John Tippit.  *Cf.* 28 U.S.C. § 1446(b)(3).[2]

24.     Additionally, this case is being removed within one year of commencement of the action, as required under 28 U.S.C. § 1446(c)(1).

---

[2]  *See also, e.g., Ayres v. Sears*, 571 F. Supp. 2d 768 (W.D. Tex. 2008) (other paper:  improper defendant's response to request for disclosure denying he participated in the sale of the subject generator)); *Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797 (W.D. Tex. 2008) (other paper:  settlement agreement between plaintiffs and improper defendant); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 676-77 (E.D. Tex. 1999) (other paper:  improper defendant's answer denying existence at time of incident); *Freeman v. SSC San Antonio Silver Creek Operating GP LLC*, SA-13-CV-00879-XR, 2013 WL 6200220, at *3 (W.D. Tex. Nov. 26, 2013) (other paper:  improper defendant's answer denying relationship to removing defendant); *Gonzalez v. Estes, Inc.*, SA-10-CA-0038-XR, 2010 WL 610778 (W.D. Tex. Feb. 19, 2010) (other paper:  improper defendant's response to request for disclosure denying liability under the Texas innocent seller statute).

**B.     Venue**

25.    Plaintiff brought this action in the 107th Judicial District Court of Cameron County, Texas—located within the Southern District of Texas, Brownsville Division. 28 U.S.C. § 124(b)(4). Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**C.     Compliance with Notice Requirements**

26.    Pursuant to 28 U.S.C. § 1446(d), YMUS will promptly give written notice of the filing of this Notice to Plaintiff, as well as promptly file a copy of the Notice of Removal with the clerk for the 107th Judicial District Court of Cameron County, Texas.

**D.     Filing Fee**

27.    A filing fee of $400 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division.

**E.     Consent to Removal**

28.    The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A); *see also Rico v. Flores*, 481 F3d 234, 239 (5th Cir. 2007) (consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). YMUS is not required to obtain consent from Defendant Dargel Boats—for the reasons set forth in the "Improper Joinder of Non-Diverse Defendant" section above, Plaintiff

improperly joined Dargel Boats. Nevertheless, Dargel Boats consents to the removal. Ex. 9.

### F. Other Filings

29. Pursuant to Local Rule 3, YMUS attaches a civil action cover sheet (JS44c).

30. Pursuant to Federal Rule of Civil Procedure 7.1, YMUS has prepared and will file separately a corporate disclosure statement.

### G. Jury Demand

31. Plaintiff and YMUS previously demanded a jury trial in state court. Ex. 2, Petition ¶ 18; Ex. 3, YMUS Answer ¶ III. *Cf.* Fed. R. Civ. P. 81(c)(3)(A).

### H. Request for Leave to Amend

32. In the event this Court subsequently identifies a defect in this Notice of Removal, YMUS respectfully requests the Court grant YMUS leave to amend this Notice and cure the defect. *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, No. 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

## CONCLUSION

33.     Based on the foregoing, YMUS removes this case to this Court.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

>Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,
>
>By: */s/ Jeffrey S. Hawkins*
>  Jeffrey S. Hawkins, Attorney-In-Charge
>  State Bar No. 09249100
>  S.D. No. 8962
>  jhawkins@germer-austin.com
> 301 Congress Avenue, Suite 1700
> Austin, Texas 78701
> (512) 472-0288 Telephone
> (512) 482-3520 Facsimile

OF COUNSEL:

GERMER BEAMAN & BROWN PLLC
Ben T. Zinnecker
State Bar No. 24066504
S.D. No. 1269224
bzinnecker@germer-austin.com

ATTORNEYS FOR DEFENDANT,
YAMAHA MOTOR CORPORATION, U.S.A.

## CERTIFICATE OF SERVICE

On the 25th day of January, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Bob Wynne
THE WYNNE FIRM, P.C.
701 N. Post Oak Road, Suite 325
Houston, Texas 77024
E-mail:  Bob@TheWynneFirm.com

-and-

Bobby Garcia
THE LAW OFFICE OF BOBBY GARCIA, P.C.
P.O. Box 5729
McAllen, Texas  78502
E-mail: aliesman@bobbygarcia.com
***Attorneys for Plaintiff***

John L. Tippit
THE TIPPIT LAW FIRM, LLP
820 W. Nolana, Suite C
McAllen, Texas 78504
E-mail: jtippit@tippitlaw.com
***Attorneys for Defendant, Dargel Boats, Inc.***

                                        */s/ Jeffrey S. Hawkins*
                                        Jeffrey S. Hawkins