UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES THATCHER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-00010 |
| | § | |
| DARGEL BOATS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 29, 2019, the United States Magistrate Judge filed a Report and Recommendation (Doc. 23) recommending that the Court dismiss Defendant Dargel Boats, Inc. and deny Plaintiff James Thatcher's Motions to Amend and to Remand. Thatcher argued that, because he and Dargel Boats are both Texas citizens, his case should be remanded to state court for lack of diversity. The Magistrate Judge concluded, however, that Thatcher has no viable claim against Dargel Boats and, as a result, that Dargel Boats should be dismissed as an improperly joined defendant. With that dismissal, the Magistrate Judge found that complete diversity among the parties exists and therefore recommended that the Court deny Thatcher's Motion to Remand. The Magistrate Judge also recommended denying Thatcher's motion to amend his petition to add Explorer Boats as a defendant and to add a negligence claim because, among other reasons, the claims against Explorer Boats were time-barred. Thatcher objected to the Report and Recommendation, (Doc. 24), and Defendants jointly filed a Response, (Doc. 25). After reviewing the Report and Recommendation, objections, response, and applicable law, the Court **ADOPTS** the Report and Recommendation.

This case involves a boating accident. Thatcher was thrown overboard and then severely injured by the propellers on the boat's motor. Thatcher sued Yamaha Motor Corporation, U.S.A., who manufactured the motor, and Dargel Boats in state court. Yamaha removed the case to federal court, arguing that Dargel Boats was an improperly joined defendant because it

1 / 3

did not manufacture the boat or motor. In fact, Explorer Boats manufactured the boat. In 2009, Dargel Boats bought Explorer Boats's assets, but their sale agreement states that Explorer Boats "retain[s] liability, including all guarantee work for boats sold prior" to the sale to Dargel Boats. (Contract of Sale of Assets of Business, Doc. 14-1, 6-7) The parties do not dispute that the boat here was manufactured and sold before the 2009 sale.

Thatcher objects to the Report and Recommendation, arguing that the Court should not dismiss Dargel Boats because he has a viable failure-to-warn claim against it under section 13 of the Third Restatement of Torts.[1] RESTATEMENT (THIRD) OF TORTS: PRODS. LIAB. § 13 (AM. LAW INST. 1998). He concedes that, under Texas law, Dargel Boats—a successor company to Explorer Boats—is not liable for Explorer Boats's existing liabilities unless Dargle Boats expressly assumed them. *See* TEX. BUS. ORG. CODE § 10.254(b). And he does not argue that Dargel Boats assumed any such liabilities. He instead claims that, under Section 13, Dargel Boats is liable for its own failure to warn. (Objs. to Report and Recommendation, Doc. 24, 7) That is, Thatcher contends that Dargel Boats is not assuming Explorer Boats's liability for failing to warn. Rather, Dargel Boats has an independent obligation to warn, which it did not satisfy.

The distinction that Thatcher draws, however, has no basis in Texas law. Texas courts have not adopted Section 13 of the Third Restatement, and Section 10.254(b) of the Texas Business and Organizations Code rejects successor liability that the successor does not expressly assume. TEX. BUS. ORG. CODE § 10.254(b) ("Except as otherwise expressly provided by another statute, a person acquiring property described by this section may not be held responsible or liable for a liability or obligation of the transferring domestic entity that is not expressly assumed by the person."). Not surprisingly, Thatcher cites no authority showing that Texas recognizes his desired cause of action. Because Thatcher has not shown that such a cause of action exists in Texas and because Dargel Boats did not assume Explorer Boats's liabilities,

---

[1] Thatcher advances no other objection to the Report and Recommendation. The Court therefore adopts the Report and Recommendation's other findings and conclusions without further discussion.

Thatcher does not have a viable failure-to-warn claim against Dargel Boats. Thus, the Court finds that Dargel Boats is an improperly joined defendant.

Accordingly, the Court:

**ADOPTS** the Report and Recommendation;

**ORDERS** that Dargel Boats, Inc. is **DISMISSED** from this case;

**ORDERS** that Thatcher's Motion to Amend is **DENIED**; and

**ORDERS** that Thatcher's Motion to Remand is **DENIED**.

SIGNED this 18th day of July, 2019.

Fernando Rodriguez, Jr.
United States District Judge