United States District Court
Southern District of Texas
**ENTERED**
June 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES THATCHER, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:19-cv-10 |
| | § | |
| DARGEL BOATS, INC., ET AL., | § | |
| Defendants | § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Defendant Yamaha Motor Corporation, U.S.A. (hereinafter, "YMUS") has filed a Motion for Summary Judgment (hereinafter, YMUS's "Motion" or "Motion for Summary Judgment"). Dkt. No. 36. Plaintiff James Thatcher has not filed a response. For the reasons provided below, it is **RECOMMENDED** that the Court **GRANT** YMUS's Motion and **DIRECT** the Clerk of Court to close this case.

### I. Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* Dkt. No. 30 at 1.

### II. Background

This civil action arose out of a boating accident occurring on or about October 28, 2016, on the Arroyo Colorado River in Cameron County, Texas. *See* Dkt. No. 1-4 at 3. Plaintiff James Thatcher alleges that he was ejected overboard while riding as a passenger in a "2000 Explorer" 19-foot boat (hereinafter, the "Vessel"), with a "2003 Yamaha 150hp outboard motor" (hereinafter, the "Motor"). *Id.* at 3-4. Thatcher claims that the boat's

operator, Dennis Goldsberry, was gently docking the Vessel when the stern of the Vessel "suddenly and unexpectedly lifted out of the water, causing the Vessel to lose control and to jerk violently to the side in a spinning motion." *Id.* at 4. As a result, Thatcher was thrown overboard and subsequently cut by the Vessel's propellers, which severely lacerated his right arm. *Id.* Thatcher's Original Petition (hereinafter, "Complaint") lists a "products liability" cause of action against YMUS. *Id.* at 5. In apparent support of this claim, Thatcher asserts that the Vessel and Motor were defectively designed, manufactured, and marketed. He contends that YMUS is liable to him for this, and for failing to warn him about the dangers posed by the Vessel and Motor. *Id.*

YMUS removed this action from the 107th Judicial District Court of Cameron County, Texas on January 25, 2019. Dkt. No. 1 at 1. Thatcher moved to remand and amend his Complaint, but his motions lacked merit and were denied on July 18, 2019. *See* Dkt. Nos. 12-13, 23, 30. YMUS is now the sole remaining named defendant. *See* Dkt. No. 30 at 3. YMUS asserts that Thatcher's claims against it are all subject to summary judgment. Dkt. No. 36 at 1, 8. Thatcher has failed to file a response to YMUS's Motion, or otherwise contest the factual and legal assertions contained therein.

### III. Legal Standards

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper

motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. 242, 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. 242, 257. All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

Local Rule 7.4 provides that a party's failure to respond to a motion "will be taken as a representation of no opposition." *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. CIV.A. B-07-205, 2010 WL 968150, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). When the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. When the movant

makes that prima facie showing, "the court may accept as undisputed the movant's version of the facts[.]" *Atain Specialty Ins. Co.*, 226 F. Supp. 3d 807, 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. l985)).  *See also* Rule 7(B), Civil Procedures of Judge Fernando Rodriguez, Jr. ("Failure to file a timely response shall be taken as an indication that the opposing party agrees to the motion and the relief requested.").

## IV. Discussion

In support of his products liability Complaint, Thatcher asserts that the Vessel and Motor were defectively designed, manufactured, and marketed.  He contends that YMUS is liable to him for this, and for failing to warn him about the dangers posed by the Vessel and Motor.  Dkt, No. 1-4 at 5.  Thatcher has produced no evidence to support these claims.  In removing this action, YMUS filed some discovery responses provided to it by Thatcher, but these responses do not establish YMUS's liability, or the Vessel or Motor's defectiveness.  *See* Dkt. No. 1-12.  Thatcher has also failed to designate experts in support of his claims.  *See* Dkt. No. 35 (requiring Plaintiff to designate his experts and provide reports by June 1, 2020).  Thus, Thatcher has produced no evidence to show that the Vessel or Motor were defective in any way, nor has he produced evidence to show that YMUS is otherwise liable for his injuries.

As YMUS correctly points out, because Thatcher has provided no evidence or expert reports in support of his Complaint, his claims cannot survive summary judgment.  *See* Dkt. No. 36 at 3-8.  Put simply, Thatcher has failed to demonstrate the presence of a material question of fact which would allow him to proceed on any of his claims.  More than eleven months have passed since the Court denied Thatcher's motions to amend and remand.  *See* Dkt. No. 30.  Thatcher has not responded to YMUS's Motion, or otherwise contested the

factual and legal assertions contained therein.  Accordingly, for the reasons provided here, and in YMUS's Motion, YMUS is entitled to summary judgment.  *See* FED. R. CIV. P. 56(a) (summary judgment is appropriate when the movant shows that no material questions of fact exist to prevent summary judgment as a matter of law); *See also* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas (noting that a party's failure to respond to a motion "will be taken as a representation of no opposition."); *Atain Specialty Ins. Co.*, 226 F. Supp. 3d 807, 813 (noting that when the movant makes that prima facie showing that summary judgment is appropriate, "the court may accept as undisputed the movant's version of the facts[.]") (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174, and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708); Rule 7(B), Civil Procedures of Judge Fernando Rodriguez, Jr. ("Failure to file a timely response shall be taken as an indication that the opposing party agrees to the motion and the relief requested.").

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** YMUS's Motion for Summary Judgment.  Dkt. No 36.  Further, because Thatcher has not named or served any of the "unknown retailers" he proposes as defendants in his Complaint (*see* Dkt. No. 1-4 at 1), summary judgment will leave him with no claims left to prosecute.  For this reason, it is also recommended that the Court **DIRECT** the Clerk of Court to close this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** this 30th day of June, 2020, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge